[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-13247
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cr-00035-JB-B-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NICOLE MARIE MILLER,
a.k.a. Unique,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(May 24, 2021)

Before MARTIN, JORDAN, and BRASHER, Circuit Judges.

PER CURIAM:

Nicole Miller appeals her convictions by a jury and 120-month sentence for possessing a firearm as a convicted felon and possessing a firearm in a school zone. Miller makes two arguments on appeal. First, she says the government presented insufficient evidence to establish that she actually possessed a firearm. Second, she says her 120-month sentence is substantively unreasonable. After careful consideration, we affirm Miller's convictions and sentence.

## I.    BACKGROUND

Following a mistrial, Miller was charged in a second superseding indictment with one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) ("Count 1") and one count of possession of a firearm in a school zone in violation of 18 U.S.C. § 922(q)(2)(A) ("Count 2").

A. <u>Trial</u>

The case proceeded to a jury trial on the charges in the superseding indictment. Several witnesses testified, but we recount only the testimony relevant to this appeal. The government called Valerie James who testified that on February 2, 2017, she and some friends met Miller in a parking lot to purchase Xanax. After James realized the pills Miller gave her were not real, she took them without paying and left in her car. Miller started to follow James in her own car and the two pulled into the parking lot of a Subway. They got into an argument and eventually James got back in the car and tried to pull out of her parking spot.

2

Miller attempted to reach into James's vehicle and in doing so dropped a cigar onto James's lap. James later provided the cigar to law enforcement. James believes Miller fell to the ground as James pulled off. As James drove away, she heard gunshots and her car was hit by gunfire. On cross-examination, James testified that she lied to the police about what the fight between her and Miller was about because she was on probation. James identified Miller in court.

Kim Barton also testified. She testified that on February 2, 2017, she picked up her daughter from school to take her to an appointment. While she was stopped at a traffic light she saw someone hop out of a car in the Subway parking lot, fall on the ground, then jump up with a gun and start shooting. In court, Barton identified Miller as the person she saw fire the gun. After her daughter's appointment, Barton returned to the scene where she gave police a description of the shooter. She did not see Miller at this time, but she did see someone in the back of a police car though she was not sure who it was. Barton testified that she was not asked to identify anyone at the scene and was asked only for a description.

After the government rested its case, Miller moved for a judgment of acquittal, which the district court denied. Miller renewed her motion after the close of her evidence, which the court again denied. The jury found Miller guilty on both counts.

B. <u>Sentencing</u>

Pursuant to United States Sentencing Guideline § 2K2.1(a)(2), Miller's Presentence Investigation Report ("PSR") assigned a base offense level of 24 because she possessed a firearm after having been convicted of at least two felonies. Four points were added to the offense level under Guideline § 2K2.1(b)(6)(B)[1] because Miller possessed a firearm in connection with another felony offense, which resulted in a total offense level of 28. With a criminal history category of IV, her guideline range was 110 to 137 months' imprisonment.

Prior to the sentencing hearing, Miller filed a sentencing memorandum. Her memorandum explained that Miller had experienced severe childhood trauma and abuse that continued to impact her. She asked the district court to consider her history in this regard and impose a below-guidelines sentence. She further argued that a below-guidelines sentence was warranted because she had been in custody during the COVID-19 pandemic and had contracted COVID-19 while incarcerated.

At the sentencing hearing, the district court stated that it had considered the PSR, the testimony and evidence presented at trial, the parties' arguments, as well as the sentencing factors in 18 U.S.C. § 3553(a) and the sentencing guidelines. The court also said it had considered Miller's personal history and characteristics and the nature and circumstances of her offense. It expressed concern about her

---

[1] The PSR mistakenly notes that the increase was pursuant to Guideline § 2K2.1(b)(6)(A).

prior felony convictions and the fact that one involved a firearm and the other involved Xanax, both of which were again involved in the offense for which she was now being sentenced.  Given these considerations, the district court sentenced Miller to 120 months' imprisonment, with 110 months on Count 1 and 10 months on Count 2 to be served consecutively.  The court noted that this sentence addressed the seriousness of the offense, the objectives of punishment, deterrence, and incapacitation.

This is Miller's appeal.

## II.    DISCUSSION

Miller makes two arguments on appeal.  First, she says there was insufficient evidence to sustain a conviction under either 18 U.S.C. § 922(g)(1) or 18 U.S.C. § 922(q)(2)(A).  Second, she says her 120-month sentence is substantively unreasonable.  We address each in turn.

A. Sufficiency of Evidence

Miller argues the evidence at trial was insufficient to sustain her convictions under 18 U.S.C. § 922(g)(1) or 18 U.S.C. § 922(q)(2)(A) because both offenses require proof of possession and the government did not produce enough evidence to establish that Miller possessed a firearm on February 2, 2017.

We review de novo whether sufficient evidence supports a conviction, viewing the evidence in the light most favorable to the verdict and making all

5

reasonable inferences and credibility determinations in favor of the jury's verdict. United States v. Garcia, 405 F.3d 1260, 1269 (11th Cir. 2005) (per curiam). We must affirm unless, "under no reasonable construction of the evidence," could the jury have found the defendant guilty beyond a reasonable doubt. Id. "Credibility determinations are left to the jury and the jury's verdict will not be disturbed on appeal unless the testimony is incredible as a matter of law." United States v. Flores, 572 F.3d 1254, 1263 (11th Cir. 2009) (per curiam) (quotation marks omitted).

The evidence here was sufficient for a jury to find Miller guilty beyond a reasonable doubt. Based on the evidence presented at trial, the jury could have found that Miller possessed a firearm on the date in question. James testified that after she and Miller got into an argument and she tried to drive away, Miller reached into her car, fell, and then James began to hear gunshots and her car was hit by gunfire. And Barton testified that she witnessed a woman fall, spring up, then start shooting. Critically, Barton identified Miller as the shooter in court. Although Miller argues Barton's testimony is unreliable because she did not identify Miller when she spoke to police officers at the scene, Barton testified that she was not asked to provide an identification at that time. Nothing rendered Barton's testimony "incredible as a matter of law" and we conclude that was a sufficient basis for the jury to believe Miller possessed a firearm. Flores, 572 F.3d

6

at 1263 (quotation marks omitted).  There was thus sufficient evidence to convict

Miller on both counts.

   B.  Reasonableness of Sentence

   Miller argues her 120-month sentence is substantively unreasonable because

it is excessive based on the sentencing factors in 18 U.S.C. § 3553(a).  Specifically,

Miller says the district court should have given greater weight to her history and

characteristics in light of her severe childhood trauma and abuse.

   We review the substantive reasonableness of a sentence for abuse of

discretion.  Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).  We

vacate a sentence as substantively unreasonable only if "we are left with the

definite and firm conviction that the district court committed a clear error of

judgment in weighing the § 3553(a) factors by arriving at a sentence that lies

outside the range of reasonable sentences dictated by the facts of the case."  United

States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation marks

omitted).

   We are not left with that "definite and firm conviction" here.  See id.  The

district court did consider the factor emphasized by Miller (personal history and

characteristics) in addition to the other § 3553(a) factors.  The court also expressed

concern about Miller's prior felony convictions and the fact that one involved a

firearm and the other involved Xanax.  The court ultimately decided that, given

these considerations, a midrange sentence of 120 months' imprisonment was appropriate.  The district court explained that even though the evidence at trial would justify a sentence at the high-end of the guidelines, it was not going to impose a high-end sentence.  We cannot say this constituted a "clear error of judgment in weighing the § 3553(a) factors."  Id. (quotation marks omitted).  Therefore Miller's midrange sentence of 120 months' imprisonment is not substantively unreasonable.

**AFFIRMED.**